**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re*: Adoption of B.S.

No. 15-0883 (Raleigh County 14-A-5)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner M.B., by counsel R. Brandon Johnson, appeals the Circuit Court of Raleigh County's August 12, 2015, order denying his petition for adoption of five-year-old B.S. (hereinafter "the child" or "B.S.").[1] Petitioner is the child's stepfather. Respondent N.C., the child's biological father, by counsel Michael A. Froble, filed a response in support of the circuit court's order. The guardian ad litem (hereinafter "guardian") appointed below made no appearance in this appeal. On appeal, petitioner argues that the circuit court erred in finding that the evidence failed to establish respondent's abandonment of the child under the elements set forth in West Virginia Code § 48-22-306.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent and the child's mother have not resided together at any time and were never married. In 2011, one year after the child's birth, petitioner and the child's mother were married. In January of 2015, petitioner filed a petition for adoption of the child in the Circuit Court of Raleigh County.[2] With that petition, petitioner filed a home study performed by a counseling service that found his home suitable and desirable for the child. Following several joint continuances and the appointment of a guardian, the circuit court held a hearing on the petition in February of 2015. The first issue addressed by the circuit court was whether respondent had abandoned the child.

---

[1] West Virginia Code § 48-22-702 prohibits the disclosure of certain information in adoption proceedings. Given this statutory mandate, and consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] The petition for adoption was not included in the record on appeal.

At that hearing in February of 2015, the child's mother testified that respondent had informal and sporadic visits with B.S. early in the child's life. However, from January of 2012 until approximately April or May of 2013, respondent visited with the child regularly at a neutral place (never at the child's mother's home). It is undisputed that, around April or May of 2013, communication between respondent and the child's mother broke down into threats of legal action for child custody, apparently by both parents.

The child's mother also testified that she and petitioner moved to a new residence in approximately December of 2012 and failed to inform respondent of their new address. While the child's mother maintained that she told respondent the area of the town in which they relocated, she admitted that she "didn't tell him the exact address." Respondent, on the other hand, testified that the child's mother failed to tell him even the general area to which they relocated. Respondent and the child's mother both testified that she told respondent that her attorney advised her to cease respondent's visits with the child if he threatened legal action. Further, respondent claimed that, in response to a text message he sent to her in May of 2013, B.S.'s mother replied with the statement, "never text this number again."

At the conclusion of that hearing, the circuit court directed the parties, including the guardian, to file proposed findings of fact and conclusions of law. The circuit court scheduled a hearing for March of 2015 to announce its ruling. Thereafter, the parties filed their proposed order. For his part, the guardian proposed that the circuit court grant the adoption petition based primarily upon respondent's failure to locate his child in the six-month period prior to the petition's filing and the positive home study performed on petitioner's home.

At the March hearing, the circuit court announced its ruling that petitioner had failed to satisfy his burden of establishing respondent's abandonment of the child. While noting the guardian's recommendation and concerns, the circuit court stated its disagreement with the guardian's legal conclusion. To that end, by order entered on June 18, 2015, the circuit court found that respondent did not know where the child resided during the six-month period at issue prior to the petition's filing, which is a legal requirement to establish abandonment. As such, the circuit court ruled that respondent's consent would be necessary to grant the adoption.

At the final hearing below, held in July of 2015, respondent stated his lack of consent to the adoption. Therefore, for that reason, the circuit court entered an order denying the petition for adoption.[3] This appeal followed.

We have previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we

---

[3]It appears from the record on appeal that, during the pendency of the proceedings below, respondent filed a family court action seeking custody and/or visitation of the child. That family court action is not before the Court in this appeal.

2

review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *In re Adoption of C.R.*, 233 W.Va. 385, 758 S.E.2d 589 (2014) (internal citations omitted). We have also held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Finally, "a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, in part, *In re Ashton M.*, 228 W.Va. 584, 723 S.E.2d 409 (2012). With these standards in mind, we now turn to petitioner's assignment of error.

On appeal, petitioner argues that the circuit court erred in finding that petitioner failed to establish that respondent abandoned the child. To establish a presumption of abandonment of a child for adoption purposes, West Virginia Code § 48-22-306(a) provides as follows:

> (a) Abandonment of a child over the age of six months shall be presumed when the birth parent:
>
> (1) Fails to financially support the child within the means of the birth parent; and
>
> (2) Fails to visit or otherwise communicate with the child *when he or she knows where the child resides*, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the care or custody of the child: *Provided*, That such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.

(Emphasis added.) Petitioner alleges that the circuit court erred in finding that the evidence was insufficient to satisfy the second step of this two-step statutory framework.

It is undisputed that respondent failed to "visit or otherwise communicate with the child" for a period of six months immediately preceding the petitioner's filing. However, as petitioner notes, the analysis does not end there. West Virginia Code § 48-22-306(a)(2) clearly requires that the alleged abandoning parent "knows where the child resides" during the applicable time period. Not only is it uncontested that petitioner and the child's mother did not inform respondent of the address where the child resided during the applicable time period, but there was conflicting testimony as to whether respondent even knew the general area of the town in which the child resided. While respondent testified that he did not know where the child resided, the child's mother testified that he knew the general area where the child resided. We have often explained that "[c]redibility determinations are properly made by the trier of fact . . . who has had the opportunity to observe, first hand, the demeanor of the witness." *Miller v. Chenoweth*, 229 W.Va. 114, 121, 727 S.E.2d 658, 665 (2012). The circuit court, which was the trier of fact below, made a determination based on the evidence presented that respondent did not know

where the child resided. Based on the record before us, we find no reversible error in that finding.

Further, as to petitioner's argument that respondent had the burden to locate his child in the applicable time period, we find that the circuit court correctly found that petitioner had the burden to establish respondent's abandonment of the child. Similarly, petitioner argues that respondent failed to demonstrate "compelling circumstances" for his failure to visit the child. *See* West Virginia Code § 48-22-306(d) (stating that, in regard to adoption proceedings, "[n]otwithstanding any provision in this section to the contrary, any birth parent shall have the opportunity to demonstrate to the court the existence of compelling circumstances preventing said parent from supporting, visiting or otherwise communicating with the child[.]"). However, under the facts of this case, respondent was not required to show "compelling circumstances" because petitioner failed to establish abandonment pursuant to West Virginia Code § 48-22-306(a). Therefore, based on our review of the record on appeal and the parties' arguments, we find no merit to petitioner's assignment of error.

For the foregoing reasons, the circuit court's August 12, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis